UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FRANCIS ELLWOOD

      Plaintiff,                          Case No. 2:21-cv-11588

v                                        Hon. Steven J. Murphy III

INFINITY HOME LENDING, LLC,

      Defendant.
_____

### DEFENDANT INFINITY HOME LENDING, LLC'S MOTION TO DISMISS AND/OR MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Infinity Home Lending, LLC ("Infinity") moves to dismiss and/or strike Plaintiff William Francis Ellwood's ("Plaintiff") First Amended Class Action Complaint (ECF No. 12) (the "Amended Complaint") for the reasons stated in the accompanying Brief in Support, and such other and further material that this Court may consider.

In accordance with Eastern District of Michigan Local Rule 7.1(a), counsel for Infinity sought concurrence from counsel for Plaintiff, which was denied. Specifically, there was a conference between counsel of record in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

**WHEREFORE**, for the reasons set forth in the accompanying Brief In Support, Defendant Infinity Home Lending, LLC respectfully requests this Court to **DISMISS** the Amended Complaint with prejudice, or in the alternative, strike Plaintiff William Francis Ellwood's Amended Complaint, and grant such other relief this Court deems equitable and just under the circumstances.

**Respectfully submitted,**

**MCDONALD HOPKINS PLC**

**Dated**: October 4, 2021

By:  /s/ Alexander A. Ayar
    Alexander A. Ayar (P69623)
    Michael G. Latiff (P51263)
    Mark W. Steiner (P78817)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Phone: (248) 220-1353
Fax: (248) 646-5075
Email:AAyar@McDonaldHopkins.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FRANCIS ELLWOOD

     Plaintiff,                           Case No. 2:21-cv-11588

v                                     Hon. Steven J. Murphy III

INFINITY HOME LENDING, LLC,

     Defendant.

_____

**<u>BRIEF IN SUPPORT OF DEFENDANT INFINITY HOME LENDING, LLC'S MOTION TO DISMISS AND/OR MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

{9872883: }

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................. iii

Statement of Questions Presented.......................................................vi

Statement of Most Controlling Authorities ...................................... viii

I.   INTRODUCTION.................................................................1

II.  FACTUAL BACKGROUND .........................................................4

    A.   Background of the Parties ...................................................4

    B.   Infinity Allegedly Calls Plaintiff to Solicit a Home Loan Product........4

    C.   Plaintiff Files his Class Action Amended Complaint with Overbroad Class Criteria ...........................................................5

    D.   Plaintiff's Amended Complaint is Riddled with Redundant, Immaterial, Impertinent, and Scandalous Allegations .........................6

III. LEGAL ARGUMENT ...............................................................7

    A.   Plaintiff's Amended Complaint Should be Dismissed Under Fed. R. Civ. P. 12(b)(6) ....................................................7

        1.   Legal Standard of Review ............................................7

        2.   Plaintiff's Amended Complaint Should be Dismissed Because Plaintiff Failed to Allege That Infinity Used an ATDS or Prerecorded Voice .......................................................9

        3.   Plaintiff's Amended Complaint Should be Dismissed Because Plaintiff Failed to State How the Alleged Calls Amounted to Solicitation ..................................................12

        4.   Plaintiff's Amended Complaint Should be Dismissed Because Plaintiff Failed to Allege his Full Phone Number in the Amended Complaint ...............................................13

        5.   Plaintiff's Amended Complaint Should be Dismissed Because Plaintiff Failed to Allege that he Did Not Request the Alleged Solicitation ..................................................14

B.   Alternatively, the Court Should Strike Plaintiff's Allegations Pertaining to Its Proposed Class ...........................................................15

1.   Legal Standard of Review ............................................................15

2.   Plaintiff, the Proposed Class Representative, Lacks Standing .....16

3.   Plaintiff's Proposed Class Is Not Adequately Defined and Is Impermissibly Fail Safe .....................................................17

4.   This Court Should Strike Plaintiff's Class Action Allegations as Common Questions of Law and Fact Do Not Predominate.....21

C.   This Court Should Strike Plaintiff's Redundant, Immaterial Impertinent, and Scandalous Allegations ...............................................22

IV.  CONCLUSION ...........................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*,
  568 U.S. 455, 133 S.Ct. 1184 (2013)....................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009)......................................................4, 7, 8, 12

*Baisden v. Credit Adjustments, Inc.*,
  813 F.3d 338 (6th Cir. 2016) .............................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007)...............................................................7, 8

*Boyer v. Diversified Consultants, Inc.*,
  306 F.R.D. 536 (E.D. Mich. 2015) .......................................................18, 19, 20

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
  648 F.3d 365 (6th Cir. 2011) ...............................................................................8

*Davis v. Quicken Loans, Inc.*,
  No. 14-CV-12665, 2014 WL 12662068 (E.D. Mich. Nov. 14, 2014) ..........9, 11

*Duran v. Wells Fargo Bank, N.A.*,
  878 F. Supp. 1312 (S.D. Fla. 2012) .............................................................10, 11

*Eager v. Credit Bureau Collection Servs., Inc.*,
  No. 1:13-CV-173, 2014 WL 3534949 (W.D. Mich. July 16, 2014) .................18

*Facebook, Inc. v. Duguid*,
  592 U.S. ---, 141 S.Ct. 1163 (2021).....................................................................9

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982)............................................................................................16

*Hunter v. Sec'y of U.S. Army*,
  565 F.3d 986 (6th Cir. 2009) ...............................................................................7

*Jamison v. First Credit Services, Inc.*,
  290 F.R.D. 92 (N.D. Ill. 2013).....................................................................19, 20

*Keyes v. Ocwen Loan Servicing, LLC*,
  335 F.Supp. 951 (E.D. Mich. 2018) ...................................................................10

*Mey v. N. Am. Bancard, LLC*,
  655 F. Appx. 332 (6th Cir. 2016) .......................................................................8

*O'Shea v. Littleton*,
  414 U.S. 488 (1974)...........................................................................................16

*Oom v. Michaels Companies Inc.*,
  No. 1:16-cv-257 (W.D. Mich. July 19, 2017) ...................................................17

*Pilgrim v. Universal Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011) .........................................................................2, 15

*Randleman v. Fidelity Nat. Title Ins. Co.*,
  646 F.3d 347 (6th Cir. 2011) ...............................................................17, 20, 21

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
  27 FCC Rcd. 1830 (2012)...................................................................................14

*Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*,
  863 F.3d 460 (6th Cir. 2017) .............................................................................21

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976)..............................................................................................17

*Stanbury Law Firm v. IRS*,
  221 F.3d 1059 (8th Cir.2000) .......................................................................22, 23

*Strand v. Corinthian Colleges, Inc.*,
  No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. April 17, 2014) ........13, 14

## Statutes

47 U.S.C. § 227(a)(1)..............................................................................................9

47 U.S.C. § 227(b)(1)(A)(iii)................................................................................14

Telephone Consumer Protection Act, 47 U.S.C. § 227 ...........................................1

**Rules**

47 C.F.R. § 47.1200(f)(14) ...................................................................12

47 C.F.R. § 64.1200(c)(2) ....................................................................22

Fed. R. Civ. P. 8(a)(2) ...........................................................................7

Fed. R. Civ. P. 12 ..................................................................................4

Fed. R. Civ. P. 12(b)(6) ..............................................................2, 7, 17

Fed. R. Civ. P. 12(f) .......................................................................3, 22

Fed. R. Civ. P. 23 ...........................................................................3, 15

Fed. R. Civ. P. 23(a) ............................................................................16

Fed. R. Civ. P. 23(c)(1)(A) ..................................................................15

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

1.   Whether this Court should dismiss Plaintiff William Francis Ellwood's ("Plaintiff") First Amended Complaint under Fed. R. Civ. P. 12(b)(6) for his failure to allege the prerequisite factual and legal elements to support his purported claim under the Telephone Consumer Protection Act ("TCPA")?

> Defendant answers: Yes
>
> Plaintiff presumably answers: No
>
> The Court should answer: Yes

2.   Alternatively, whether this Court should strike Plaintiff's Proposed "Do Not Call Registry Class" (the "Proposed Class") where the Proposed Class is not adequately defined as alleged in the First Amended Complaint and common questions of law and fact do not predominate?

> Defendant answers: Yes
>
> Plaintiff presumably answers: No
>
> The Court should answer: Yes

3.   Alternatively, whether this Court should strike redundant, immaterial, impertinent, and scandalous allegations made in the First Amended Complaint?

Defendant answers: Yes

Plaintiff presumably answers: No

The Court should answer: Yes

## <u>STATEMENT OF MOST CONTROLLING AUTHORITIES</u>

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 23

47 U.S.C. § 227

47 C.F.R. § 47.1200

*Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S.Ct. 1937 (2009)

*Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015)

*Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 1312 (S.D. Fla. 2012)

*Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. 2013)

*Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011)

*Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460 (6th Cir. 2017)

*Strand v. Corinthian Colleges, Inc.,* No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. April 17, 2014)

## I.     INTRODUCTION

Plaintiff William Francis Ellwood's ("Plaintiff") Class Action First Amended Complaint (ECF No. 12) (the "Amended Complaint"), is deficient for all of the same reasons previously set forth in Defendant, Infinity Home Lending, LLC's ("Infinity") prior Motion to Dismiss (ECF No. 9, the "Original Motion to Dismiss"), as well as restated herein.  The Amended Complaint again only alleges one count under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against Infinity, which is riddled with same conclusory and unsupported allegations that fail to allege the prerequisite facts and elements of a TCPA claim as the original complaint (ECF No. 1).  Plaintiff's Amended Complaint contains three additional paragraphs in response to Infinity's Original Motion to Dismiss, which ultimately fail correct <u>any</u> of the legal deficiencies stated therein. Accordingly, for the reasons stated in the Original Motion to Dismiss as well as restated herein, this Court should dismiss Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint fails to allege the following, which under the laws of this Circuit, should compel this Court to dismiss Plaintiff's Amended Complaint.  Plaintiff failed to: (1) allege whether the call came from an "automatic telephone dialing system," (when Plaintiff's only communication was with a live

employee); (2) provide any detail how the alleged call amounted to a solicitation;[1]

(3) allege Plaintiff's <u>full</u> own phone number (Plaintiff's Amended Complaint only

provides a partial number, which is insufficient for a TCPA claim); and (4) allege

that the alleged telephone call was not requested by Plaintiff[2].  For these reasons

(and those set forth in the Original Motion to Dismiss), Plaintiff's Amended

Complaint is factually deficient and this Court should dismiss Plaintiff's Amended

Complaint with prejudice under Fed. R. Civ. P. 12(b)(6).

Furthermore, Plaintiff's Amended Complaint does nothing to correct the

fatal class action deficiencies outlined in the Original Motion to Dismiss.  In fact, it

is the same proposed class, so the same arguments apply.  The proposed class in

Plaintiff's Amended Complaint is not adequately defined and common questions

of law and fact do not predominate among the class members.  Where a proposed

class within a class action pleading is deficient, a court may strike the class

certification at the pleadings stage, before the plaintiff moves to certify the

proposed class.  *See, e.g. Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943,

---

[1] Plaintiff's Amended Complaint contains new allegations that Infinity (through live employee, Reilly) requested "qualifying questions," however, Plaintiff again fails to allege that Plaintiff did not request <u>someone</u> to contact him about mortgage solutions <u>or</u> how Infinity actually tried to sell him a product or service.

[2] While Plaintiff's Amended Complaint contains new allegations that Infinity and Plaintiff did not have a prior relationship or consent to Plaintiff's calls (Amended Complaint, ¶ 28), it distinctly does <u>not</u> allege that Plaintiff did not request <u>someone</u> to contact him regarding refinancing or other mortgage services.

949 (6th Cir. 2011) (holding that under Fed. R. Civ. P. 23, a Motion to Strike is permitted prior to a plaintiff's motion to certify a class).  As discussed in further detail below, the class alleged in Plaintiff's Amended Complaint would require the Court to make substantive legal and factual determinations to determine whether a proposed class member is within the class. Accordingly, it is appropriate to strike Plaintiff's class action allegations because: (1) the class is not adequately defined under the law; (2) common questions of fact and law do not predominate; and (3) no amount of discovery can save Plaintiff's class.

Finally, Plaintiff's Amended Complaint (as did the original complaint) contains several unsupported and irrelevant citations to various websites and articles that were included merely to harass and intimidate Infinity.  Plaintiff's general references to society's alleged "disdain" for robocalls, ¶¶ 5-15; 20, are additionally clearly "redundant, immaterial, impertinent, [and/]or scandalous." Fed. R. Civ. P. 12(f).  Accordingly, this Court should strike such allegations under Fed. R. Civ. P. 12(f).

For all of these reasons, Infinity requests this Court to dismiss Plaintiff's Amended Complaint in its entirety with prejudice, or in the alternative, strike Plaintiff's Amended Complaint as set forth herein.

## II.   FACTUAL BACKGROUND

### A.  <u>Background of the Parties.</u>[3]

As alleged in Plaintiff's Amended Complaint, Infinity contacts potential consumers about the possibility of obtaining home loans.  Amended Complaint, ¶¶ 16-17.   Plaintiff is an individual that resides in San Bernardino, California. Amended Complaint, ¶ 1.  He purportedly registered his phone number on the National Do Not Call Registry (the "DNC") on August 13, 2013.   Amended Complaint, ¶ 22.

### B.  <u>Infinity Allegedly Calls Plaintiff to Solicit a Home Loan Product.</u>

From April 28, 2021 through May 3, 2021, Plaintiff alleges that he received eleven calls from Infinity; however, only answered on one occasion.  Amended Complaint ¶¶ 25-26. Importantly, Plaintiff only alleges his partial phone number, "909-557-XXXX."  Amended Complaint, ¶ 22. On the one occasion that Plaintiff answered his phone (the May 3, 2021 telephone call), Plaintiff unequivocally alleges that the **he spoke to a live representative**, who identified herself as an employee of Infinity.  Amended Complaint, ¶¶ 25-27.  Plaintiff alleges that Reilly (allegedly Infinity's employee) "solicited Plaintiff for a home loan product;"

---

[3] Infinity cites to Plaintiff's Amended Complaint only for the reason that the Court is to take as true the factual allegations as they are alleged for purposes of a Motion brought under Fed. R. Civ. P. 12.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S.Ct. 1937 (2009).  By citing these factual allegations, Infinity does not admit or otherwise stipulate to the factual allegations cited herein. Indeed, Infinity denies them in their entirety.

Amended Complaint, ¶ 26, and that she asked a number of "qualifying questions for refinancing, including his current interest rate, loan balance, and credit score. Amended Complaint, ¶ 27.  Plaintiff specifically fails to allege what Reilly was allegedly selling, or whether Plaintiff informed Infinity that he was on the DNC list.  Additionally, Plaintiff fails to allege that Infinity used an automatic telephone dialing system. Plaintiff's Amended Complaint is also clear that following the one telephone conversation on May 3, 2021, Plaintiff did not receive any additional calls from Infinity.

## C. **Plaintiff Files His Class Action Amended Complaint With Overbroad Class Criteria.**

On July 7, 2021, Plaintiff filed the instant Amended Complaint containing one count related to an alleged violation of the TCPA.  Plaintiff alleges that the Amended Complaint is filed on behalf of himself, as well as the "Do Not Call Registry Class," which purportedly includes the following class members (the "Proposed Class"):

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

Amended Complaint, ¶ 32 (emphasis in original).  As will be discussed in further detail below, Plaintiff does not adequately define the Proposed Class and includes individualized issues that the Court will be required to resolve to define the class, such that common issues of fact and law do not predominate.

### D.  Plaintiff's Amended Complaint is Riddled with Redundant, Immaterial, Impertinent, and Scandalous Allegations.

Plaintiff's Amended Complaint contains a number of redundant, immaterial, impertinent, and scandalous allegations, all pertaining to gross generalizations of telephone solicitor and robocall call centers. Obviously, every business is different, including Infinity, and Plaintiff's attempt to sneak in superfluous and unauthenticated statements and Google and other online "complaints" in his Amended Complaint is inappropriate. Specifically, Plaintiff's Amended Complaint makes various allegations regarding the number of nationwide complaints related to robocalls (not specific to Infinity), generalized statements on Americans' "disdain" for robocalls, and various complaints from unauthenticated sources (such as Google reviews) related to Infinity.  See Amended Complaint, ¶¶ 5-15; 20. None of these allegations actually pertain or support Plaintiff's claims and were clearly intended to harass and intimidate Infinity.

## III.   LEGAL ARGUMENT

### A. <u>Plaintiff's Amended Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).</u>

#### 1.  *Legal Standard of Review*

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible

on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim is plausible on its face if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (internal quotations omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The TCPA "outlaws unsolicited telephone calls made through an 'automatic telephone dialing system' to any phone number that is assigned to a cellular telephone service." *Mey v. N. Am. Bancard, LLC,* 655 F. Appx. 332, 333-34 (6th Cir. 2016) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). "In order to plead a claim under the TCPA, plaintiff must establish four elements: (1) a call was made; (2) the caller used an [Automated Telephone Dialing System ("ATDS")] or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the

recipient." *Davis v. Quicken Loans, Inc.*, No. 14-CV-12665, 2014 WL 12662068, at *1 (E.D. Mich. Nov. 14, 2014).

**2.  *Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Failed to Allege That Infinity Used An ATDS or Prerecorded Voice*.**

This Court should dismiss Plaintiff's Amended Complaint because it fails to allege a necessary essential element to pleading a TCPA case – that Infinity used either an ATDS or an automated voice to place the call.  *See Davis*, supra at *1. The United States Supreme Court very recently defined what constitutes an ATDS system for purposes of a TCPA case. In *Facebook, Inc. v. Duguid*, 592 U.S. ---, 141 S.Ct. 1163 (2021), the Supreme Court recognized that under 47 U.S.C. § 227(a)(1), an ATDS system is one that has capacity "'to store or produce telephone numbers to be called, using a random or sequential number generator,' and to dial those numbers."  *Id.* at 1164 (citing 47 U.S.C. § 227(a)(1)).  The Supreme Court ultimately held that:

> [t]he question before the Court is whether that definition encompasses equipment that can "store" and dial telephone numbers, even if the device does not "us[e] a random or sequential number generator." It does not. To qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

*Id*. at 1167.

While prior to the Supreme Court's ruling on this issue, the Eastern District of Michigan similarly held that an ATDS system is one that randomly or sequentially generates numbers, not one that dials off of a set list.  In *Keyes v. Ocwen Loan Servicing, LLC*, 335 F.Supp. 951, 962 (E.D. Mich. 2018), the court dismissed a plaintiff's TCPA claim where the plaintiff could not demonstrate that the defendant had a system that randomly or sequentially generated telephone numbers.  *Id.*  While the defendant had a system that dialed numbers off of a "set list," the court held that defendant's system was not an ATDS because "a device must be able to call and generate numbers randomly or sequentially to qualify as an ATDS.  **Put another way, simply calling from a set list is not enough for equipment to constitute an autodialier.**"  *Id.* at 963 (emphasis added).

This case is similar to *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 1312 (S.D. Fla. 2012), where a plaintiff filed a TCPA claim against a mortgage loan servicer, alleging that the mortgage servicer violated the TCPA by contacting the plaintiff on numerous occasions without permission. The Court in *Duran* ultimately found that because the plaintiff failed to credibly allege that the defendant used an automated dialing system or artificial or prerecorded voice, that the plaintiff "fail[ed] to state a claim under the TCPA."  *Id.* at 1316.  The Court opined:

> Plaintiff has not sufficiently alleged that Defendant used an automatic telephone dialing system or artificial or

prerecorded voice to make any phone calls to his cellular telephone. Plaintiff alleges in a conclusory manner that Defendant placed "many" non-emergency calls to his cellular phone. However, Plaintiff's Complaint is devoid of any factual allegations to support that claim. On the four occasions Defendant made phone calls to Plaintiff, **Plaintiff alleges that he spoke with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice.** Plaintiff provides no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made.

*Id*. (emphasis added).

In this case, neither Plaintiff's original complaint, nor his Amended Complaint alleges that he received the telephone calls through an ATDS or via pre-recorded voice.  He further has not alleged that Infinity uses an ATDS system or one that has capability to randomly or sequentially generate telephone numbers. The one and only call that Plaintiff answered was allegedly placed by a live human person "who identified herself as Reilly . . . ."  Amended Complaint, ¶ 26. Plaintiff details his specific conversation with Reilly, which could not have occurred from an automated voice.  Amended Complaint, ¶ 26-27.  Plaintiff did not answer any of the other telephone calls that Infinity allegedly placed. Accordingly, because Plaintiff failed to allege an essential element of a TCPA claim, that Defendant used an ATDS or prerecorded message, this Court should dismiss Plaintiff's Amended Complaint. *cf.  Davis*, 2014 WL 12662068, at *2 (distinguishing the Court in *Duran*, which had "found that plaintiff did not

adequately plead that defendant used an ATDS where plaintiff admitted in her complaint that **she spoke to a live representative** which negated her claim that the calls were made by an automated dialing system or artificial or prerecorded voice.") (emphasis added).

### 3. *Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Failed To State How the Alleged Calls Amounted to Solicitation.*

Plaintiff's Amended Complaint fails to provide any detail whatsoever how Infinity's telephone call amounted to a solicitation and further fails to describe what text messages were allegedly sent by Infinity (if any). Indeed, the only detail provided by Plaintiff regarding the one and only call Plaintiff received, the May 3, 2021 call, Plaintiff alleges that Infinity (through its live person representative) "solicited Plaintiff for a home loan product" and asked questions such as Plaintiff's current interest rate, loan balance, and credit score. Amended Complaint, ¶ 27. That is the sole detail pertaining to Infinity's allegedly wrongful conduct. There is no context as to what product or service Infinity's employee allegedly solicited.

Pursuant to 47 C.F.R. § 47.1200(f)(14), "telephone solicitation" refers to "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." Because Plaintiff's allegations simply amount to "[t]hreadbare recitals of the elements of a cause of action . . . ," *Ashcroft, supra*, it

does not pass the pleading standards set forth by our Supreme Court. Plaintiff's Amended Complaint contains new allegations that Infinity (through live employee, Reilly) requested "qualifying questions," however, fails to allege that Plaintiff did not request someone contact him about mortgage services and further does not detail how Reilly (Infinity's alleged live employee) actually tried to sell Plaintiff a product or service. Accordingly, this Court should dismiss Plaintiff's Amended Complaint.

**4.** *Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Failed to Allege His Full Phone Number in the Amended Complaint.*

In *Strand v. Corinthian Colleges, Inc.,* No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. April 17, 2014), the court dismissed a plaintiff's TCPA complaint due to the plaintiff's failure to plead her own telephone number. In *Strand*, the defendant argued that because the plaintiff failed to provide her telephone number, the complaint did not provide sufficient information for the defendant to investigate the call to determine whether a violation was actually made. *Id*. at *2. The Court agreed, stating:

> A plain reading of the [TCPA] then, shows that to prove her case a plaintiff must prove that a defendant called a specific telephone number and that the telephone number was assigned to a cellular telephone service. Notice pleading, therefore, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 570.

> Otherwise, as Defendant argues, "[w]ithout the telephone number, TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff."

*Id*. at \*3.

Plaintiff's Amended Complaint fails to reference his <u>full</u> telephone number (instead only providing a partial number, Amended Complaint, ¶ 22), severely limiting Infinity's ability to prepare its defense and investigate his claims.  Under *Strand* and the TCPA, Plaintiff's Amended Complaint is deficient and this Court should dismiss the Amended Complaint.

**5.    *Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Failed to Allege that he Did Not Request the Alleged Solicitation.***

It is impermissible under the TCPA for any person to place an unsolicited call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a cell phone number without obtaining the "prior express consent of the called party." *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 342 (6th Cir. 2016); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission ("FCC") has made clear that prior express consent may be obtained "via an email, website form, text message, telephone keypress, or voice recording." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012) (emphasis added).

In this case, Plaintiff's Amended Complaint does not allege that he did not provide consent to Infinity for the alleged calls, via website form, keypress, voice recording, or otherwise.  This is an obvious deficiency at the pleading stage; however, it is also critical in this case.  While beyond the scope of this Motion, for context, Infinity receives potential leads from websites where customers input their own requests for information.  While Plaintiff states that Plaintiff and Infinity did not have a prior relationship and Infinity's alleged calls were "unwanted," (Amended Complaint, ¶ 28, 30), the Amended Complaint still does not allege that he did not request someone (Infinity or anyone else) to contact him regarding home loan services. Accordingly, the Court should dismiss Plaintiff's Amended Complaint for his failure to plead that he did not consent to the calls allegedly placed by Infinity.

**B.   Alternatively, this Court Should Strike Plaintiff's Allegations Pertaining to Its Proposed Class.**

### 1. *Legal Standard of Review*

Plaintiff's Amended Complaint's class allegations are identical to Plaintiff's original complaint, so all of the arguments made in the Original Motion apply here.

Plaintiff has not moved to certify his Proposed Class; however, it is not too early for Defendant to move to strike the class based upon the pleadings.  *See Pilgrim* 660 F.3d at 949 (holding that under Fed. R. Civ. P. 23, a court may hear a Motion to Strike prior to a plaintiff's motion to certify a class).  Fed. R. Civ. P.

23(c)(1)(A) requires this Court to consider issues of class certification "at an early practicable time after a person sues or is sued as a class representative . . . ." The rule does not require discovery or even a motion for class certification and thus, this Court may address the suitability of class action certification based upon the Amended Complaint alone. As the U.S. Supreme Court stated in *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982), "sometimes [class certification] issues are plain enough from the pleadings." *Id*.

Under Fed. R. Civ. P. 23(a), a plaintiff must demonstrate the following to certify a class action lawsuit:

> (1) the alleged class "is so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) Connecticut Retirement's claims are "typical of the claims ... of the class"; and (4) Connecticut Retirement will "fairly and adequately protect the interests of the class."

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 459, 133 S.Ct. 1184 (2013) (citing Fed. R. Civ. P. 23(a)).

## 2.  *Plaintiff, the Proposed Class Representative, Lacks Standing*.

A plaintiff who lacks individual standing when he/she files a lawsuit cannot maintain a class action. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisites of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "That a suit may be a class action . . . adds

nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (internal quotations omitted).

If this Court determines that Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), as outlined in the section preceding, Plaintiff has not demonstrated that he is a suitable class representative for the Proposed Class.   Accordingly, this Court should strike Plaintiff's class action allegations.

### 3. *Plaintiff's Proposed Class Is Not Adequately Defined and Is Impermissibly Fail Safe.*

Plaintiff's Amended Complaint does not adequately define the Proposed Class and is a "fail-safe" class as defined by the law of this Circuit.   Accordingly, the Court should strike Plaintiff's allegations pertaining to the Proposed Class.

As explained by the Sixth Circuit in *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011), the definition of a "fail-safe" class is one where "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment."  *Id*. at 352.  The Court further stated "this is an independent ground for denying class certification."  *Id*.; *see also Oom v. Michaels Companies Inc.*, No. 1:16-cv-257 (W.D. Mich. July 19, 2017) ("The

"fail-safe" class is an aspect of ascertainability. . . . A fail-safe class is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. . . . The Court sees no way in which the proposed class can be modified to avoid the fail-safe problem.").  A fail-safe class is improper because the proposed class cannot be adequately defined or ascertained.  *See Eager v. Credit Bureau Collection Servs., Inc.*, No. 1:13-CV-173, 2014 WL 3534949 (W.D. Mich. July 16, 2014) ("[T]he proposed [a]ssignment [c]lass is an improper fail safe class. An individual falls within the class only if the assignment allegation in the particular state-court complaint was false, i.e. no assignment existed.").

In *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015), a court struck a similarly pled TCPA class due to the fact that the plaintiff had alleged an impermissible fail-safe class.  Similar as in this case, the plaintiff's proposed "autodialer" class consisted of:

> i. All persons residing in the territorial United States, excluding the Court and its staff,
>
> ii. who subscribed to a cellular telephone to which DCI dialed, or initiated, a call using an ATDS in the four years preceding the filing of this complaint,
>
> iii. who did not provide his or her phone number to DCI or the creditor as an authorized contact number for the alleged debt on which DCI attempted to collect.

*Id*. at 537.  The Court evaluated a number of similar TCPA cases in the Sixth Circuit and ultimately held that the plaintiff was:

> attempting to **avoid the consequences of overtly
> defining his classes in terms of prior express consent
> by making consent an unspoken yet central
> implication of his classes**. Plaintiff's classes consist
> of those people who did not provide prior express consent to
> be contacted by defendants, and therefore can establish a
> violation of the TCPA.

*Id*. at 540 (emphasis added).   Accordingly, the Court granted the defendant's

motion to strike the plaintiff's class action allegations, as plaintiff had alleged a

fail-safe class.

Additionally, *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill.

2013) involved a class that covered "four years-worth of alleged telephone calls."

*Id*. at 109.   The court, however, found that reverse-lookup of telephone number

information was insufficient to determine the proposed class members because

"[t]he current subscribers of the cellphone numbers that were called over that

period are likely not to be the same people as who were the subscribers when the

calls were made." *Id.* Moreover, while the plaintiff proposed reviewing the

defendant's records to associate numbers with names, and the court still declined to

certify the class. *Id*.

Plaintiff's Amended Complaint in this case alleges the following Proposed

Class:

> **Do Not Call Registry Class:** All persons in the United
> States who from four years prior to the filing of this
> action through trial (1) Defendant (or an agent acting on
> behalf of the Defendant) called more than one time, (2)

> within any 12-month period, (3) where the person's
> telephone number had been listed on the National Do Not
> Call Registry for at least thirty days, (4) for substantially
> the same reason Defendant called Plaintiff.

Amended Complaint, ¶ 32 (emphasis in original).   Plaintiff further states that "[c]ommon questions for the Class include, but are not necessarily limited to the following: (a) whether Defendant Infinity placed multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC **without first obtaining consent to place those calls.** . . ."  Amended Complaint, ¶ 35(a).

It is clear that Plaintiff's proposed class is impermissibly unascertainable and requires this Court make merit based determinations whether: 1) the class member was on the DNC; 2) was solicited "for substantially the same reason Defendant called Plaintiff" and 3) did not provide consent to be called.  Plaintiff's Proposed Class is nearly identical to that in *Boyer* and is impermissibly fail-safe. The Proposed Class requires the Court to perform essentially mini-trials whether Infinity violated the TCPA and whether individual class members provided their consent for Infinity to contact them.  Because the Proposed Class, by definition, excludes those that "by virtue of losing, they are not in the class," the Proposed Class is fail-safe and should be stricken.  *Randleman*, 646 F.3d at 352.

Further, given that Plaintiff's Proposed Class spans over four years, as was the case in *Jamison*, there are likely a substantial number of people that may be identified through a reverse lookup of Infinity's call records who are not the same

individuals that listed their number on the DNC (to the extent there are any numbers that Infinity contacted that are on the DNC). Accordingly, this Court should strike Plaintiff's class action allegations, as the Proposed Class cannot be adequately defined, through discovery or otherwise.

### 4. *This Court Should Strike Plaintiff's Class Action Allegations as Common Questions of Law and Fact Do Not Predominate.*

As explained by the Sixth Circuit in *Randleman*, supra, "[t]o meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman*, 646 F.3d at 352-53. Similar as the analysis above, Courts routinely find that class certification is not appropriate in TCPA cases where the Court will need to provide individualized determinations of consent. In *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 468-69 (6th Cir. 2017), the Sixth Circuit upheld denial of a class in a TCPA case where the "predominate issue of fact [was] undoubtedly one of *individual* consent." *Id.* (emphasis in original). The Court explained that because it was an individualized determination, which required review of thousands of pages of documents "through a form-by-form inquiry," it was "sufficiently individualized to preclude class certification." *Id.*

Similarly, Plaintiff's Amended Complaint makes clear that one question "for the Class, include, but are not limited to . . . : (a) whether Defendant Infinity placed

multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to place those calls. . . ." Amended Complaint, ¶ 32(a).  Individual issues predominate this inquiry for the Proposed Class members.  The Court will need to conduct an individual review of: 1) whether multiple calls were placed to the class members within a twelve month span; 2) whether the class member, him/herself, was on the DNC and was actually called (given the fact that telephone numbers frequently changed); 3) whether consent was given by the class member; and 4) whether the call was placed to a business or a personal line (the TCPA only applies to personal lines, 47 C.F.R. § 64.1200(c)(2)).  Accordingly, because all of these issues require a factual and legal inquiry as to each and every class member to determine potential liability, individual issues predominate this lawsuit and this Court should strike the class allegations in Plaintiff's Amended Complaint.

## C. <u>This Court Should Strike Plaintiff's Redundant, Immaterial, Impertinent, and Scandalous Allegations.</u>

Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Further, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000).  A motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation.

*Id*., (citing *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y.1991) (striking references to defendant's criminal conviction and income level). A motion to strike should also be granted where the requested relief is unavailable. *Id*. (citing, *Brokke v. Stauffer Chem. Co.*, 703 F.Supp. 215, 222–23 (D.Conn.1988) (striking plaintiff's request for punitive damages under ERISA).

Plaintiff's Amended Complaint contains a number of redundant, immaterial, impertinent, and completely scandalous allegations, all pertaining to gross generalizations of telephone solicitor and robocall call centers. Every business is different, including Infinity, and Plaintiff's attempt assert superfluous and unauthenticated allegations and Google "complaints" is inappropriate. Specifically, Plaintiff's Amended Complaint makes various allegations regarding the number of nationwide complaints related to robocalls (not specific to Infinity), generalized statements on Americans' "disdain" for robocalls, and various complaints from unauthenticated sources (such as Google reviews) related to Infinity. See Amended Complaint, ¶¶ 5-15; 20. None of these allegations actually pertain or support Plaintiff's claims and were clearly intended to harass and intimidate Infinity. This Court should strike those allegations.

## IV.   **CONCLUSION**

For the reasons set forth above, Defendant Infinity Home Lending, LLC respectfully requests this Court to dismiss Plaintiff William Francis Ellwood's

Amended Complaint with prejudice, or in the alternative, strike the Amended Complaint as set forth above, and grant such other relief this Court deems equitable and just under the circumstances.

|  | **Respectfully submitted,** |
|---|---|
|  | **MCDONALD HOPKINS PLC** |
| **Dated**: October 4, 2021 | By: _ /s/ Alexander A. Ayar_____ |
|  | Alexander A. Ayar (P69623) |
|  | Michael G. Latiff (P51263) |
|  | Mark W. Steiner (P78817) |
|  | 39533 Woodward Avenue, Suite 318 |
|  | Bloomfield Hills, MI 48304 |
|  | Phone: (248) 220-1353 |
|  | Fax: (248) 646-5075 |
|  | Email:AAyar@McDonaldHopkins.com |
|  | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the Court's electronic docket.

*/s/ Alexander A. Ayar* (P69623)_____
Alexander A. Ayar